IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JASON L. BLISS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:10-03108-DGK-SSA |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff Jason Bliss seeks judicial review of the Commissioner of Social Security's denial of his application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. § 423, and his application for supplemental security income ("SSI") benefits based on disability under Title XVI of the Act, 42 U.S.C. §§ 1381a-1383. Plaintiff has exhausted all of his administrative remedies and judicial review is now appropriate under 42 U.S.C. §§ 405(g) and 1383(c)(3).

After careful review of the record, the Court holds the administrative law judge's ("ALJ") decision is supported by substantial evidence on the record, and the Commissioner's decision is AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**Standard of Review**

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported

by substantial evidence on the record as a whole. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's conclusion. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court may not reverse the Commissioner's decision as long as substantial evidence in the records supports this decision, even if substantial evidence in the record also supports a different result, or if the court might have decided the case differently were it the initial finder of fact. *Id.*

**Analysis**

Generally a federal court's review of the Commissioner's decision to deny an application for disability insurance benefits or supplemental social security income is restricted to determining whether the Commissioner's decision is consistent with the Social Security Act, the regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole. In determining whether a claimant is disabled, the Commissioner follows a five-step evaluation process.[1]

Plaintiff, a 32 year-old man with previous work experience as a production line welder, seed packer, and construction carpenter, claims disability based on back problems. He alleges he

---

[1] The five-step process works as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, he is not disabled; if not, the inquiry continues. At step two the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments. If so, and they meet the durational requirement of having lasted or being expected to last for a continuous 12-month period, the inquiry continues; if not, the applicant is considered not disabled. At step three the Commissioner considers whether the impairment is one of specific listing of impairments in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four the Commissioner considers if the applicant's residual functional capacity allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five the Commissioner considers whether, in light of the applicant's age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v) (2009); *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). Through step four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King*, 564 F.3d at 979 n.2.

2

became disabled on November 25, 2005 at age 26. Plaintiff argues the Commissioner wrongly denied his application because (1) the ALJ erred by not giving controlling weight to the opinion of his treating physician; (2) the ALJ erred by failing to determine properly his residual functional capacity ("RFC"); (3) the ALJ erred by failing to find his testimony credible; and (4) the Appeals Council failed to properly consider new evidence that was submitted to it. The Court finds no merit to these arguments.

A.   **The ALJ did not err in analyzing the opinion of Plaintiff's treating physician.**

Plaintiff argues the ALJ erred by summarily rejecting the opinion and conclusion of his treating physician, Dr. Kevin Schreiber, M.D. Pl.'s Br. at 22. "Although a treating physician's opinion is entitled to great weight, it does not automatically control or obviate the need to evaluate the record as [a] whole." *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001). A treating doctor's opinion is entitled to deference only when it is "well-supported by medically acceptable clinical laboratory diagnostic techniques and [is] not inconsistent with the other substantial evidence in the record." *Juszczyk v. Astrue*, 542 F.3d 626, 632 (8th Cir. 2008). Additionally, an ALJ may discount a checklist form completed by a treating physician when the checklist "cites no medical evidence" or "provides little to no elaboration." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010).

In the present case the ALJ acknowledged, discussed, and appropriately weighed Dr. Schreiber's medical source statement, a check-box form that the doctor completed at the request of Plaintiff's attorney on February 4, 2009. Far from disregarding Dr. Schreiber's opinion, the ALJ largely adopted it: The ALJ endorsed Dr. Schreiber's finding that Plaintiff could lift and carry a maximum of ten pounds occasionally and five pounds frequently; embraced the doctor's opinion regarding the total amount of time Plaintiff can sit, stand, and walk during an eight hour

day, and included these limitations in his RFC determination; incorporated the doctor's proscription against any work that required foot controls; and went beyond Dr. Schreiber's recommendations with respect to environmental restrictions on Plaintiff's work activity. R. at 14, 236. Although the ALJ did not give any weight to Dr. Schreiber's opinion on two points, that Plaintiff needed to rest or switch position in fifteen minute intervals, and that Plaintiff's back problems would likely prevent him from working one or two times per month for three to five days each time, the ALJ properly explained his reasoning for rejecting these opinions. She noted that Dr. Schreiber did not cite any objective clinical or laboratory findings to support these conclusions. R. at 15. She also rejected the doctor's conclusions on these points because they were shaped by the Plaintiff's subjective complaints of disabling pain, which the ALJ found were not credible to the extent Plaintiff claimed he was disabled. The ALJ noted that the doctor continued to prescribe narcotic pain medication after July 2008 chiefly because of Plaintiff's subjective complaints, despite Plaintiff's otherwise fairly unremarkable physical examination. R. at 14-15. Because, as discussed below, the ALJ did not err in finding that Plaintiff's subjective complaints were not credible, and because the validity of Dr. Schreiber's opinion rested on Plaintiff's credibility, the ALJ did not err in failing to give Dr. Schreiber's opinion greater weight.

The Court is also not persuaded by Plaintiff's argument that Dr. Schreiber's opinion is supported by the opinion of a one-time evaluating physician, Dr. David Paff, M.D. Pl.'s Br. at 24. Dr. Paff's opinion does not support Dr. Schreiber's conclusion because he examined the Plaintiff only once, before Plaintiff's surgeries, so he did not have the benefit of knowing how the surgeries improved Plaintiff's condition. Moreover, although Dr. Paff's objective findings were consistent with Dr. Schreiber's in that he found some limitations, Dr. Paff also noted

Plaintiff's back was normal in several other respects. Contrary to Plaintiff's suggestion, Dr. Paff did not conclude that Plaintiff was disabled, only found Plaintiff's condition was "probably going to be a surgical problem," and stated that surgery could "create a situation in which [Plaintiff] is disabled," but could not say that "it would be true for a year." R. at 211.

Finally, the ALJ did not err in failing to order a consultative examination after not assigning controlling weight to the treating physician's opinion. It is the Plaintiff's burden to provide medical evidence showing he is disabled. 20 C.F.R. §§ 404.1512, 416.912. An ALJ is required to order a consultative examination only when the record as a whole does not support a decision. 20 C.F.R. §§ 404.1519a(b), 416.919a(b); *Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001). In this case Dr. Schreiber's opinion did not require clarification, and the record as a whole supports the ALJ's decision to give less weight to portions of Dr. Schreiber's opinion, thus there was no need to order a consultative examination.

**B.     The ALJ's determination of Plaintiff's RFC is supported by substantial evidence.**

Plaintiff argues that the ALJ's assessment of his functional limitations is not supported by the medical evidence of record. Pl.'s Br. at 26-27. "It is the ALJ's responsibility to determine a claimant's RFC based on *all relevant evidence*, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations." *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001) (emphasis added). Although it is a medical question, an RFC determination is not based solely on medical evidence, that is, evidence from medical reports or sources, but on all the relevant, credible evidence. In this case the ALJ considered all of the evidence of record and determined Plaintiff could lift and carry ten pounds occasionally and five pounds frequently, sit for six hours, and stand or walk for two hours in an eight-hour workday. The ALJ found Plaintiff was unable to work at unprotected heights,

5

perform commercial driving, be exposed to uneven surfaces, vibrations, cold weather, humidity, operate foot controls, or work in proximity to the public. R. at 14. The ALJ explained the evidence in support of the restrictions and acknowledged that Plaintiff suffered from multi-level degenerative disc disease which had required two surgical procedures. R. at 15. As discussed above, these limitations are consistent with Dr. Schreiber's opinion and so supported by substantial evidence on the record, thus there is no error here.

**C.      Substantial evidence supports the ALJ's credibility determination.**

The ALJ also found that Plaintiff's subjective complaints were not fully credible. R at 13-17. Plaintiff argues "the ALJ's credibility analysis utterly failed to satisfy the requirements of *Polaski*, resulting in yet another prejudicial and reversible error." Pl.'s Br. at 31.

As a threshold matter, questions concerning a claimant's testimony are "primarily for the ALJ to decide, not the courts." *Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003). In analyzing a claimant's subjective complaints of pain, the ALJ must consider the entire record, including the medical records, statements from the plaintiff and third-parties, and the so-called *Polaski* factors: (1) the claimant's daily activities, (2) the duration, frequency, and intensity of pain, (3) dosage, effectiveness, and side effects of medication, (4) precipitating and aggravating factors, and (5) functional restrictions. 20 C.F.R. §§ 404.1529, 416.929; *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). When the ALJ explicitly finds that a claimant's testimony is not credible and gives good reasons for this finding, courts should defer to the ALJ's finding. *Casey v. Astrue*, 503 F.3d 687, 696 (8th Cir. 2007).

Here, substantial evidence on the record supports the ALJ's finding. The ALJ considered inconsistencies between Plaintiff's subjective allegations and the objective medical evidence. R. at 14-17. "[A]n ALJ is entitled to make a factual determination that a Claimant's subjective pain

complaints are not credible in light of objective medical evidence to the contrary." *Ramirez v. Barnhart*, 292 F.3d 576, 581 (8th Cir. 2002). The absence of an objective medical basis to support the degree of a claimant's subjective complaints is an important factor in evaluating the credibility of the claimant's testimony and complaints. *Russell v. Sullivan*, 950 F.2d 542, 545 (8th Cir. 1991). The ALJ observed that Plaintiff had multi-level degenerative disc disease with a history of disc herniation, and that he had undergone two discectomies to treat it, but noted that after each surgery the clinical findings had been largely unremarkable, which suggests the operations achieved the desired effects. R. at 15, 195, 221-23. Moreover, the record contains few objective findings, but numerous recommendations for conservative treatment such as physical therapy and lumbar epidural steroid injections. R. at 13-15, 113-15, 70, 189, 191, 195, 223.

Plaintiff's use of pain medication also calls into question his credibility. Dr. Schreiber's treatment notes state Plaintiff sought refills of narcotic medication while showing few objective findings of back problems beyond reduced or absent reflexes in the lower right leg. R. at 15, 275, 287, 289, 293, 296-98. At other times, however, Plaintiff reported that his pain had improved and that he was not taking any medication. R. at 13-15, 221, 223.

Plaintiff's reported activities of daily living also undermined his credibility. Plaintiff testified and stated on his function report that he essentially spent his days resting and was unable to do any household chores. R. at 27, 29-32, 136-37. But the ALJ noted that, "after each of his surgeries, [Plaintiff] was able to resume somewhat strenuous physical activities including mowing his lawn and chopping/cutting wood." R. at 17. This finding is supported by the record. Plaintiff told physicians that he was still attempting activities of daily living, was mowing his yard, and that activities such as riding a lawnmower and cutting wood aggravated his back pain.

R. at 221, 272, 275, 285, 319. At another time, Plaintiff told Dr. Schreiber he had done a lot of traveling over the Christmas holiday. R. at 269.

Because the ALJ articulated the inconsistencies upon which he relied in discrediting Plaintiff's allegations regarding the extent of his limitations, and this finding is supported by substantial evidence in the record as a whole, the Court must affirm the ALJ's holding that Plaintiff was not credible to the extent he claimed he was disabled. *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996).

**D.     New evidence submitted to the Appeals Council does not merit reversal or remand.**

After the adverse decision from the ALJ, Plaintiff submitted additional evidence to the Appeals Council, most notably evidence of Plaintiff's third spinal surgery. Upon review of the additional evidence, the Appeals Council denied Plaintiff's request for review. R. at 1-2, 4. Plaintiff argues that had this new evidence been before the ALJ at the time of the hearing, she would have found he was disabled, thus the Appeals Council should have either reversed the ALJ's denial outright or remanded it for additional consideration. Pl.'s Br. at 33.

A federal court reviewing an Appeals Council decision does not evaluate the Council's denial of review, but simply "factor[s] in" the new evidence to determine whether the ALJ's decision is still supported by substantial evidence. *Flynn v. Chater*, 107 F.3d 617, 621-22 (8th Cir. 1997). After factoring in the information provided by Plaintiff, the Court holds the ALJ's decision is still supported by substantial evidence on the record. Although persuasive at first glance, the information about Plaintiff's third surgery was not material as required under the regulations because it did not cover the relevant time period. 20 C.F.R. §§ 416.1185(a), 416.1190(a); *Fernandez v. Massanari*, 12 Fed. Appx. 620, 621-22 (9th Cir. 2001). Plaintiff's third surgery was performed in July 2009, a month after the date of the ALJ's decision. R. at

340-41.  Additionally, the other evidence that was submitted demonstrates little more than that physical examinations showed Plaintiff continued to appear to be largely normal, and that the surgeon performed the operation because he believed it would lessen Plaintiff's pain and improve his mobility.  R. at 338.  The records do not show that Plaintiff's condition worsened or did not improve after surgery.  Consequently, the Court cannot say the Appeals Council erred by failing to reverse or remand.

## Conclusion

After careful examination of the record as a whole, the Court finds the Commissioner's determination is supported by substantial evidence on the record, and the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  September 27, 2011              /s/ Greg Kays
                                       GREG KAYS, JUDGE
                                       UNITED STATES DISTRICT COURT